Opinion by
 

 Arnold, J.,
 

 Plaintiff sued in trespass for property damage to his motor vehicle and the defendant filed a counterclaim. The jury found for the defendant as to the plaintiff’s action against him and also rendered a verdict for a small sum in favor of the defendant and against the plaintiff on the counterclaim.
 

 Plaintiff moved for a new trial which was granted only as to the counterclaim, the court being of the opinion that plaintiff’s motion was limited to this. Plaintiff moved for reargument and was given leave to file, nunc pro tunc, a motion for a new trial generally. This was done and after argument such new trial was granted. The defendant appeals and contends that the plaintiff’s nunc pro tunc motion for a new trial (generally) was presented after the term of court in which a new trial had been ordered only as to the counterclaim.
 

 There is a well known rule of laAV that the power of a court to deal with adverse
 
 judgments
 
 expires with the term in which the judgment is entered, in the absence of intrinsic fraud or clerical error.
 

 
 *263
 
 But no such rule exists as to the power of the court over verdicts,—although, of course, the court’s discretion may he reviewed, for the order is an appealable one. The poiver of the trial court to grant a new trial continues until judgment is entered on the verdict:
 
 King et al. v. Brooks et al.,
 
 72 Pa. 363, opinion by Justice Sharswood ;
 
 Cronrath v. Border,
 
 27 Pa. Superior Ct. 15, 17. Cf.
 
 Roman Fisher v. Hestonville, Mantua and Fairmount Passenger Railway Company,
 
 185 Pa. 602, 40 A. 97, and
 
 Kingsdorf v. Frank Gamburg, Inc.,
 
 147 Pa. Superior Ct. 84, 24 A. 2d 140. See also Standard Pennsylvania Practice, Vol. 6, page 347, §96. The court below stated that substantial justice required the granting of a new trial. There was no abuse of discretion.
 

 The order is affirmed.