657 A.2d 496

**Darlene ARTHUR**

v.

**Carol KUCHAR and Debra Spaeder**

**Appeal of Carol Kuchar (Two Cases.)**

**Darlene ARTHUR**

v.

**Carol KUCHAR and Debra Spaeder**

**Appeal of Debra Spaeder (Two Cases.)**

*Superior Court of Pennsylvania.*

Argued Oct. 5, 1994.

Filed Feb. 13, 1995.

Reargument Denied April 25, 1995.

Gary A. Falatovich, Greensburg, for Carol Kuchar.

James D. Elder, Pittsburgh, for Debra Spaeder.

H. Reginald Belden, Jr., Greensburg, for Darlene Arthur.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

CAVANAUGH, Judge:

This matter is presently before the court on the appeals of Carol Kuchar and Debra Spaeder from the orders of March 31, 1994 and April 6, 1994 of the Court of Common Pleas of Westmoreland County. For the reasons which follow, we affirm, in part, and vacate and remand, in part.

Appellee Darlene Arthur was injured in an automobile accident on May 22, 1987. She filed complaints against appellant Spaeder on October 6, 1987 and appellant Kuchar on August 24, 1989. These actions were consolidated for trial. At the first trial in this matter, held between June 1, 1992 and June 9, 1992, the jury returned a verdict in favor of appellants Spaeder and Kuchar. Ms. Arthur filed post-trial motions which were granted on March 17, 1993 when the trial court ordered a new trial. The second trial concluded on October 13, 1993 when the jury returned a verdict in favor of the appellee in the (molded) amount of $48,248.00. Appellants herein did not appeal that award. Appellee subsequently requested the assessment of delay damages and a bill of costs which the trial court decided by orders of March 31, 1994 and April 6, 1994. This appeal concerns those decisions.

While phrased somewhat differently, both appellants present substantially the same issues before this court. Appellant Spaeder frames her issues as:

I. Whether the trial court erred in awarding delay damages to the appellee, Darlene M. Arthur, pursuant to Pa.R.C.P. 238 for the period prior to March 17, 1993, where the defendant/appellant made a combined settle-

ment offer to appellee prior to and during the trial, the jury at the conclusion of the trial returned a verdict in favor of the defendant/appellant, and the appellee was not granted a new trial until March 17, 1993.

II. Whether the trial court erred in awarding appellee costs relating to the stenographic transcription of the videotaped depositions of witnesses pursuant to Westmoreland County Rule W–609.

Appellant Kuchar raises the following issues:

I. Whether the trial court erred in awarding appellee costs relating to the stenographic transcription of the videotaped depositions of Doctors Boyle and MacPhail under Westmoreland County Rule W–609.

II. Whether the trial court erred in awarding delay damages to the appellee, Darlene M. Arthur, pursuant to Pa.R.C.P. 238 where the defendants/appellants had made a combined offer of Eighty–Five Thousand and 00/100 ($85,000.00) Dollars to Arthur prior to the time of trial, said offer being kept in effect to the time of trial and the jury at the conclusion of such trial returned a verdict in favor of the defendants in the case.

III. Whether the trial court committed error in failing to exclude from the calculation of delay damages the period of time between the entry of the verdict in favor of the defendants following the first trial of this matter on June 9, 1992 until the date on which the appellee was granted a new trial by the court below on March 17, 1993.

We first address Spaeder's Issue I and Kuchar's Issues II and III concerning the trial court's April 6, 1994 award of delay damages.

Pa.R.C.P. 238 provides for damages for delay to be added to compensatory damages in an action for bodily injury, death or property damage. Pa.R.C.P. 238(a)(2)(i) provides that if the action was commenced prior to August 1, 1989, delay damages are to be awarded from the date the complaint was filed, or from a date one year after the cause of action accrued, whichever is later.

The present action accrued on May 22, 1987. A complaint was filed against Debra Spaeder on October 6, 1987. Accordingly, delay damages began to run against appellant Spaeder on May 22, 1988, one year after the accrual of the cause of action. Because a writ of summons was not issued against Carol Kuchar until May 12, 1989, and a complaint was not filed against her until August 24, 1989, delay damages against appellant Kuchar did not begin to run until August 24, 1989.

The court below assessed delay damages against the appellants for the period when Debra Spaeder was the sole liable defendant and for the period after Carol Kuchar had been joined in the action. Accordingly, the court assessed damages against Debra Spaeder, individually, from May 22, 1988 (the action accrued on May 22, 1987) through August 23, 1990; and against Debra Spaeder and Carol Kuchar, jointly and severally, from August 24, 1990 through October 13, 1993. (We note that delay damages against appellants Spaeder and Kuchar, jointly and severally, should have run from August 24, 1989, the date a complaint was filed against appellant Kuchar, not one year after the complaint was filed.)

In this appeal, appellant Spaeder claims the court erred in awarding delay damages for any period prior to March 17, 1993 (when appellee was granted a new trial), in that settlement offers were made prior to and during the first trial and that trial resulted in a jury verdict in favor of appellants. Appellant Kuchar raises the same claim and also argues that the court erred in failing to exclude the time between June 9, 1992 (when appellants were verdict winners in the first trial) and March 17, 1993 (when a new trial was granted) in calculating delay damages.

At a plaintiff's request, delay damages are awarded against a defendant found liable to the plaintiff in an action for personal injuries. The purposes justifying such an award are two; to alleviate delay in the courts, and to encourage the settlement of meritorious claims. *Jazbinsek v. Chang*, 416 Pa.Super. 300, 611 A.2d 227, 230 (1992). However, pursuant to Pa.R.C.P. 238(b)(1), a "defendant may exclude the assessment of damages for periods of time after which he has made

a written offer of settlement which is not exceeded by 125% of the verdict or for periods during which the plaintiff has caused the delay." *Krysmalski v. Tarasovich*, 424 Pa.Super. 121, 137, 622 A.2d 298, 306 (1993). Here, no party has claimed that the plaintiff/appellee caused any delay in the proceedings. Appellants do claim, however, that since they extended settlement offers to plaintiff, the time prior to the grant of a new trial should be excluded.

■ In considering this argument the trial court concluded that appellants were entitled to no diminution of damages in that all settlement offers were made orally, and Rule 238 requires that they be made in writing to toll the damage period. We note, however, that the appellants did make an offer of settlement, on the record, which was subsequently transcribed and is part of the record sent to this court. (See: N.T. 168–171) This offer to settle the lawsuit for the sum of $85,000 was communicated by the appellants on June 3, 1992, while trial was ongoing, and was rejected by the appellee. On June 9, 1992 the jury returned a verdict in appellants favor.

In our view the trial court erred in finding no offer which satisfied the requirement of a "writing" pursuant to Rule 238(b)(1). In the case before us the appellants made to appellee an on the record offer, before the trial judge, which offer was later transcribed. Such an offer is clearly the functional equivalent of a written offer and satisfies that requirement of Rule 238. However, we also note that pursuant to that rule such an offer excludes from delay damage calculations only that period of time after the offer is made, not the entire pre-trial period. Accordingly, the judge should have excluded from the delay damage calculation the period of time from June 3, 1992, when the offer was made, through June 9, 1992, when the first trial concluded.

■ Appellants also argue that there should be excluded from delay damages that period of time between the verdict in the first trial and the grant of a new trial.

Our research has revealed no reported appellate caselaw directly addressing this issue; prior caselaw regarding the

tolling of delay damages during the appeals period is, however, instructive.

In *Hawthorne v. Dravo Corp.*, 352 Pa.Super. 359, 508 A.2d 298 (1986), *alloc. denied*, 514 Pa. 617, 521 A.2d 932 (1987) the trial court excluded delay damages from the date in which the court entered a compulsory nonsuit in defendants' favor through the date on which the Superior Court remanded for retrial. On appeal from the damage computation this court affirmed the trial court, stating that the defendant

> was entitled to rely on the validity of the compulsory nonsuit entered by the trial court. Only after it had been vacated and the case remanded for trial did the defense return to its original status of uncertainty. At that time the purpose of Rule 238 became once again applicable. The trial court did not err when it excluded from its calculations the period between the entry of the compulsory nonsuit in Dravo's favor and the vacating of the judgment of nonsuit by the appellate court.

*Id.* 352 Pa.Super. at 378–379, 508 A.2d at 308.

In *Beary v. Container General Corporation*, 368 Pa.Super. 61, 533 A.2d 716 (1987), *alloc. denied*, 520 Pa. 586, 551 A.2d 213 (1988) this court, citing *Hawthorne* for the proposition that during an appeal period a verdict winner is entitled to rely on the judgment, concluded that "any delay during the appellate process is not a matter for the trial court to consider when assessing delay damages under Rule 238." *Beary* at 83, 533 A.2d at 727.

The reasoning of those cases is applicable to the issue before us today. In our view the appellants were entitled to rely on their favorable verdict until such time as the trial court granted appellee a new trial. It was only at that point that appellants were again exposed to possible liability. Accordingly, we find that the trial court erred when it did not remove from the computation of delay damages the period from June 9, 1992 through March 17, 1993. This matter must therefore be remanded back to the trial court for recomputation of delay damages.

■ Lastly, we address appellants' argument that the trial court erred in awarding costs relating to the stenographic transcriptions of videotaped depositions of two witnesses.

Pursuant to Westmoreland County Rule W–609(a)(3) fees paid to court reporters for an original and one copy of depositions are considered record costs in a case. Appellee submitted a proposed bill of costs which included fees incurred as a result of transcribing videotaped depositions of two of appellee's treating physicians. The trial court ordered that the appellants pay for the deposition transcripts of the two physicians in the total amount of $309.35.

Both appellants appealed this order claiming that the case of *Guido v. Greensburg Salem School District,* 7 D & C 3d 73 (1978) specifically excludes payment for any expenses associated with a videotape deposition. We have reviewed the cited case as well as the opinion of the trial court which explained its refusal to follow the precedent of *Guido* in that *Guido* interpreted local rule W–609 in light of Pa.R.C.P. 4017.1 which has since been modified. Specifically, rule 4017.1(a)(2) "Videotape Depositions" now mandates that a videotaped deposition may be used in court only if accompanied by a transcript of the deposition. Therefore, the court's refusal to follow the precedent of *Guido,* since that case was decided before the amendment of the state rule, was not error and does not require the reversal of the order of March 31, 1994.

Accordingly, the order of March 31, 1994 is affirmed. The order of April 6, 1994 is vacated and this matter is remanded to the trial court for proceedings consistent with this decision.

Jurisdiction is relinquished.