682 A.2d 1250

Darlene ARTHUR

v.

Carol KUCHAR and Debra Spaeder.

Appeal of Debra SPAEDER.

Darlene ARTHUR

v.

Carol KUCHAR and Debra Spaeder.

Appeal of Carol KUCHAR.

Supreme Court of Pennsylvania.

Argued March 5, 1996.

Decided Sept. 17, 1996.

14

James David Elder, Pittsburgh, for Debra Spaeder.

Gary A. Falatovich, Greensburg, for Carol Kuchar.

H. Reginald Belden, Jr., Greensburg, for Darlene Arthur.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

NEWMAN, Justice.

Debra Spaeder (Spaeder) and Carol Kuchar (Kuchar) appeal from the February 13, 1995 Order of the Superior Court that vacated and remanded the April 6, 1994 Amended Order of the Court of Common Pleas of Westmoreland County (trial court) awarding delay damages under Pa.R.C.P. 238 to Darlene Arthur (Arthur) in her personal injury action against Spaeder and Kuchar. For the reasons set forth below, we reverse the Order of the Superior Court.

### FACTS

On May 22, 1987, Arthur, Spaeder and Kuchar were involved in an automobile accident. Arthur filed a complaint against Spaeder on May 22, 1988 and a complaint against Kuchar on August 24, 1989.[1] The two actions were consolidated, and trial began on June 1, 1992. On the third day of trial, June 3, 1992, Spaeder and Kuchar made a joint offer to settle the case for $85,000.00. Counsel for Spaeder orally communicated the offer to counsel for Arthur on the record during a side-bar conference before the court, and the offer was subsequently transcribed in the notes of testimony. Notes of Testimony, June 3, 1992, at 168–70. The offer was conditioned on its immediate acceptance and the termination of the trial.[2] After conferring with Arthur, counsel for Arthur rejected the offer and the trial continued.

During trial, Spaeder and Kuchar admitted liability for Arthur's physical injuries resulting from the automobile accident. Arthur presented testimony from several witnesses

---

1. Arthur also filed a complaint against the Commonwealth of Pennsylvania, Department of Transportation. However, the trial court granted the Department of Transportation's motion for a compulsory non-suit on the first day of trial.

2. In her brief to this Court, Spaeder asserts the $85,000.00 settlement offer "remained extended through the completion of the trial to the point of the trial court's charge to the jury...." Brief of Appellant Spaeder at 13. However, Spaeder does not provide any citation to the record in support of this assertion. Our review of the record supports the trial court's finding that the offer was conditioned on its immediate acceptance and the termination of the trial.

concerning the extent of her injuries. Despite this evidence, the jury returned a verdict of zero damages on June 9, 1992.

Arthur filed a post-trial motion requesting a new trial on June 17, 1992.[3] On March 17, 1993, the trial court granted Arthur's request and ordered a new trial. The second trial ended on October 13, 1993, with the jury returning a verdict for $63,248.00 in favor of Arthur. The trial court molded the verdict to $48,248.00 to reflect $15,000.00 of first party payments previously made to Arthur. *See* 75 Pa.C.S.A. § 1711 and § 1722. Neither Spaeder nor Kuchar appealed the judgment entered on the second verdict.

Arthur filed a motion requesting an award of delay damages pursuant to Pa.R.C.P. 238. By Amended Order dated April 6, 1994, the trial court awarded delay damages against Spaeder, individually, for $11,994.91, representing the period when she was the sole defendant. The trial court also awarded Arthur delay damages against Spaeder and Kuchar, jointly and severally, for $13,427.81, representing the period when they were co-defendants. The trial court determined these amounts based on its calculation that delay damages started to run against Spaeder on May 22, 1988, and against Kuchar on August 24, 1990.

Spaeder and Kuchar each appealed the trial court's award of delay damages to the Superior Court.[4] The Superior Court changed the start date for the running of delay damages against Kuchar from August 24, 1990 to August 24, 1989. Additionally, the Superior Court reduced the award of delay damages against Spaeder and Kuchar by subtracting delay damages from June 3, 1992, the date of their $85,000.00 offer, to June 9, 1992, the date of the jury's zero verdict. It also subtracted the period from June 9, 1992, the date of the jury's

**3.** Spaeder alleges that she and Kuchar made a joint offer to settle the case for $30,000.00 on June 19, 1992. Brief of Appellant Spaeder at 8. However, Spaeder does not argue that this offer affects the calculation of delay damages, and we are not aware of any grounds for such an argument.

**4.** Spaeder and Kuchar also appealed the trial court's award of certain transcription costs to Arthur. The Superior Court addressed that matter, and the issue is not before us today.

zero verdict, to March 17, 1993, the date the trial court granted a new trial. Kuchar filed an application for reargument that was denied on April 25, 1995.

Spaeder and Kuchar each filed a Petition for Allowance of Appeal with this Court. We granted allocatur and consolidated the appeals to determine if the Superior Court properly calculated delay damages pursuant to Rule 238 under the unique facts of this case.

## DISCUSSION

Rule 238 permits a successful plaintiff in certain civil actions to recover damages for delay, i.e., interest on the amount of his or her award. Pa.R.C.P. 238. The purpose of Rule 238 is twofold: "(1) to alleviate delay in the courts, and (2) to encourage defendants to settle meritorious claims as soon as reasonably possible." Pa.R.C.P. 238, 1988 Explanatory Comment, *citing Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981); *see also Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986).

The Rule provides in relevant part:

**RULE 238. DAMAGES FOR DELAY IN AN ACTION FOR BODILY INJURY, DEATH OR PROPERTY DAMAGE**

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury ... and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time

(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichev-

er is later, up to the date of the award, verdict or decision; or

(ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

\* \* \* \* \* \*

**(b)** The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity,

and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

(2) during which the plaintiff caused delay of the trial.

Spaeder and Kuchar have identified certain critical events in this litigation that impact on the amount of delay damages recoverable under Rule 238: the start dates, the settlement offer, the zero verdict and the new trial. Although Spaeder and Kuchar frame their issues on appeal differently, both seek to minimize the amount of delay damages awarded to Arthur.[5] Conversely, Arthur requests the full amount of

**5.** Each of the questions presented by Spaeder and Kuchar are saturated with specific details concerning this case, including names, dates and amounts. This verbiage contravenes Pa.R.A.P. 2116, which provides in part, "[t]he statement of questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind." Although counsel's disregard for Rule 2116 does not preclude our review here, we remind counsel that

20

delay damages awarded by the trial court. As discussed below, the issues raised by Spaeder and Kuchar do not serve to reduce the amount of delay damages recoverable by Arthur under Rule 238.

### The Start Dates

■ Our analysis begins with a determination of the proper start date for the running of delay damages against Spaeder. Rule 238(a)(2)(i) provides that in actions beginning before August 1, 1989, the start date for delay damages is either the date the plaintiff first filed the complaint or the date one year after the accrual of the cause of action, whichever is later. Here, one year after the accrual of Arthur's cause of action against Spaeder, May 22, 1988, is later than the date Arthur filed a complaint against Spaeder, October 6, 1987. Thus, delay damages began to run against Spaeder on May 22, 1988.

■ The proper start date for the running of delay damages against Kuchar is more problematic because we are bound to use the trial court's erroneous calculation due to the parties' failure to preserve the issue for appellate review. The calculation of Kuchar's start date is governed by Rule 238(a)(2)(i) because Arthur commenced an action against Kuchar before August 1, 1989, by filing a writ of summons on May 22, 1989. The date Arthur filed a complaint against Kuchar, August 24, 1989, is later than one year after the accrual of Arthur's cause of action against Kuchar, May 22, 1988. Accordingly, the proper start date for delay damages against Kuchar should be August 24, 1989. Pa.R.C.P. 238(a)(2)(i).

■ However, the trial court erroneously calculated the start date against Kuchar as August 24, 1990, one year after Arthur filed a complaint against Kuchar. None of the parties raised this error in post-trial motions or on appeal to the Superior Court. The Superior Court parenthetically noted the trial court's error and opined that delay damages began to run against Kuchar on August 24, 1989, not August 24, 1990.

appellate review is best served when the parties adhere to the Rules of Appellate Procedure.

Kuchar argues the Superior Court erred in raising this issue *sua sponte.* We agree. Issues not preserved for appellate review may not be considered by an appellate court, even where the alleged error involves a basic or fundamental mistake. *Reilly v. Southeastern Pa. Transp. Authority,* 507 Pa. 204, 489 A.2d 1291 (1985). Although the Superior Court may have been well-intentioned in correcting the trial court's error, we cannot permit the Superior Court to raise issues *sua sponte. Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975). Therefore, the trial court's calculation of the start date for the running of delay damages against Kuchar must stand.

### *The Settlement Offer*

Next, we must consider whether Spaeder's and Kuchar's $85,000.00 settlement offer tolls the running of delay damages. Rule 238(b)(1) requires there be a "written offer" to toll the running of delay damages. Spaeder and Kuchar do not contend the settlement offer here was in writing. Instead, they argue that an oral settlement offer made before the court, on the record, which is later transcribed in the notes of testimony, is the functional equivalent of a written offer for the purposes of Rule 238. We agree.

We recognize that many cases settle on the steps and in the hallways of our courthouses. Thus, we need to strike a balance that will allow parties the flexibility to negotiate while retaining the formality necessary to effectuate a legally valid agreement. Rule 238's written offer requirement can be met if an oral settlement offer is made before the court, on the record, and later transcribed. *See, e.g., Borough of Brookhaven v. Zoning Hearing Bd.,* 58 Pa.Cmwlth. 436, 427 A.2d 1281 (1981). Thus Spaeder's and Kuchar's oral settlement offer is equivalent to a written offer under Rule 238.

We must next consider if the timing of the offer comports with the requirements of Rule 238. Rule 238(b)(1) mandates that the offer be continued in effect for at least ninety days or until commencement of trial, whichever occurs

first. Here, Spaeder and Kuchar extended their offer on June 3, 1992, the third day of trial, and conditioned it on its immediate acceptance and the termination of the trial. Because the offer was conditioned on its immediate acceptance, it was not continued in effect for at least ninety days. Additionally, Spaeder and Kuchar did not continue the offer in effect until commencement of trial because the trial was three days old when they made the offer. Thus, Spaeder and Kuchar's offer does not satisfy the timing requirements of Rule 238(b)(1). Accordingly, the Superior Court erred in tolling delay damages between June 3, 1992 and June 9, 1992 based on the $85,000.00 settlement offer.

### *The Zero Verdict*

Next, Spaeder and Kuchar claim the jury's zero verdict, rendered on June 9, 1992, tolls the running of delay damages from that date until March 17, 1993, when the trial court granted a new trial for Arthur. They argue that they were entitled to rely on their favorable verdict until the trial court granted a new trial and again exposed them to potential liability. In support of this argument, with which the Superior Court agreed, Spaeder and Kuchar cite several opinions involving the calculation of delay damages. *See Jistarri v. Fentress*, 390 Pa.Super. 209, 568 A.2d 618 (1989); *Beary v. Container General Corp.*, 368 Pa.Super. 61, 533 A.2d 716 (1987); *Hawthorne v. Dravo Corp., Keystone Div.*, 352 Pa.Super. 359, 508 A.2d 298 (1986); *Barris v. Bob's Drag Chutes and Safety Equipment, Inc.*, 717 F.2d 52 (3d Cir.1983).

These cases discuss the tolling of delay damages during the pendency of a defendant's appeal, and therefore, they are distinguishable from the present matter. The rationale for tolling delay damages during the appellate process is aptly explained in *Barris* by Judge Aldisert of the United States Court of Appeals for the Third Circuit:

So long as the ultimate outcome of the case is reasonably in doubt the rule operates as an incentive for the defendant to consider seriously settlement as an alternative to a stalwart defense. Once the defendant obtains a favorable

*final judgment* from the trial court, however, he has a reasonable basis to believe that the ultimate outcome is considerably less problematic. The defendant will quite rightly refrain from initiating any settlement activity and the burden shifts to the plaintiff to perfect an appeal and to persuade the appellate court that reversible error occurred. At this point, we hold that the operation of Rule 238 no longer serves its purpose and should not be applied.

*Barris*, 717 F.2d at 56–57 (emphasis added).

Here, Spaeder and Kuchar attempt to equate the tolling of delay damages after a final judgment, while an appeal is pending, with the tolling of delay damages after a jury's zero verdict, while a motion for a new trial is pending. This is an untenable position. After a verdict in a jury trial, a party may file a motion for post-trial relief. Pa.R.C.P. 227.1. In response to such a motion, a trial court may, among other things, order a new trial, direct judgment for any party, or make any other appropriate order. *Id.* A jury's verdict is subject to the control of the trial court and may be set aside until judgment is entered on the verdict. *McFadden v. Hanft,* 166 Pa.Super. 261, 70 A.2d 450 (1950). Thus, the outcome of the case remains "reasonably in doubt" until the trial court enters a final judgment. Accordingly, Spaeder and Kuchar cannot rely on the jury's zero verdict to avoid the imposition of delay damages from June 9, 1992, the date of the verdict, to March 17, 1993, the date the trial court granted a new trial. Contrary to the Superior Court's reasoning, this period is not analogous to the period where an appeal is pending and it must be included in Arthur's award of delay damages.

### The New Trial

Finally, Spaeder and Kuchar argue that, as winners in the first trial, they should not be liable for delay damages for any period prior to the trial court's grant of a new trial on March 17, 1993. We disagree.

Rule 238(a)(2)(i) provides that delay damages shall be awarded up to the date of the award, verdict or decision. Here, the jury returned a zero verdict, which, had it remained

24

valid, would have precluded Arthur from recovering any delay damages. However, on March 17, 1993, the trial court granted Arthur's request for a new trial. It has long been the law of this Commonwealth that the grant of a new trial restores the case to its original status to be tried *de novo* as to all parties and all issues. *Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Lynch,* 308 Pa. 23, 162 A. 157 (1932); *Caine v. Collins,* 194 Pa.Super. 230, 166 A.2d 675 (1960). A new trial sets aside the previous verdict and any judgment entered on it. 10 Standard Pennsylvania Practice 2d § 62:1 (1996), *citing Philadelphia Suburban Transp. Co. v. Di Francesco,* 362 Pa. 326, 66 A.2d 254 (1949). Thus, delay damages are deemed to accrue until the date of the next valid award, verdict or decision.

Here, the grant of a new trial on March 17, 1993, does not exclude all time prior to that date from the calculation of delay damages. Rather, it permits the accumulation of delay damages until a new verdict was rendered at the end of the second trial on October 13, 1993.[6]

This result is consistent with the purpose of Rule 238, and contrary to Kuchar's assertion, it is not meant to penalize her or Spaeder. Brief of Appellant Kuchar at 19. "Delay damages do not penalize a defendant that chooses to go to court; they simply do not permit a defendant to profit from holding money that belongs to the plaintiff. . . ." *Costa v. Lauderdale Beach Hotel,* 534 Pa. 154, 163, 626 A.2d 566, 570 (1993). The purpose of delay damages is not to punish defendants, but to reduce court congestion by encouraging parties to settle their claims. *Schrock v. Albert Einstein Medical Ctr.,* 527 Pa. 191, 589 A.2d 1103 (1991).

## CONCLUSION

In summary, we hold that Arthur is entitled to the full amount of delay damages as calculated by the trial court. The Superior Court erred to the extent it reduced that amount.

6. We note that neither Spaeder nor Kuchar made a settlement offer between the trial court's grant of a new trial on March 17, 1993, and the close of the second trial on October 13, 1993, which would toll the running of delay damages for that period.

Accordingly, the February 13, 1995 Order of the Superior Court is reversed and the April 6, 1994 Amended Order of the trial court is reinstated.

NIX, former C.J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a concurring and dissenting opinion in which CASTILLE, J., joins.

ZAPPALA, Justice, concurring and dissenting opinion.

I agree with the majority that a settlement offer made on the record before the trial court is the functional equivalent of a written offer for purposes of Rule 238 and that delay damages should have been awarded for the period between June 3, 1992 (settlement offer), and June 9, 1992 (jury verdict). I must dissent, however, from the majority's holding that delay damages are not tolled while post-trial motions are pending after a jury's verdict in favor of the defendant.

The majority attempts to distinguish cases in which an appeal is pending after a final judgment from this case because it involves a motion for a new trial. The majority reasons that the outcome of the case remains "reasonably in doubt" until the trial court disposes of post-trial motions. I disagree. In most instances post-trial motions are merely pro forma. I dare say more often than not, the post-trial motions are denied. Rule 238 is designed to encourage defendants to settle meritorious claims as soon as practicable. When a jury has returned a verdict in favor of a defendant, there is little or no incentive for the defendant to seriously consider settlement at that point. The defendant need no longer weigh the chances for a successful defense against the plaintiff's claim when a jury has already found that the plaintiff's claim has no merit.

The majority places great emphasis on the fact that a final judgment is entered before an appeal is taken to the appellate court. While it is true that a trial court may entertain post-trial motions and enter an order granting a new trial or judgment n.o.v., the plaintiff bears the burden of persuading

the court that such an order is appropriate. From a practical standpoint, a defendant who must assess the chances that a plaintiff will be successful on post-trial motions is in no different a position than one who makes that assessment while the case is pending on the plaintiff's appeal from the trial court. In both situations, the defendant has successfully persuaded the factfinder that the plaintiff's claim is not meritorious. Whether the verdict is ultimately upheld after it is rendered, either on post-trial motions or on appeal to an appellate court, is of no moment in considering whether Rule 238 serves its purpose after a successful defense verdict.

It is illogical to say that Rule 238 serves as an incentive to settlement negotiations when the defendant has won the trial. I agree with the Superior Court that the reasoning underlying the proposition that a verdict winner is entitled to rely on the judgment during the appeal period is equally applicable to this case. As the court observed,

> ... the [defendants] were entitled to rely on their favorable verdict until such time as the trial court granted [the plaintiff] a new trial. It was only at that point that [defendants] were again exposed to possible liability.

*Arthur v. Kuchar*, 441 Pa.Super. 250, 256, 657 A.2d 496, 499 (1995). As to this issue, then, I must dissent from the majority opinion.

CASTILLE, J., joins in this concurring and dissenting opinion.