J-A29003-25          2026 PA Super 25

IN RE: K.A.M., A MINOR          :     IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
APPEAL OF: A.D. AND J.D.        :
                                :
                                :
                                :
                                :
                                :
                                :     No. 974 WDA 2025

Appeal from the Order Entered July 17, 2025
In the Court of Common Pleas of Lawrence County Orphans' Court at
No(s):  OC-2022-20015

IN RE: C.L.M.-V., A MINOR       :     IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
APPEAL OF: A.D. AND J.D.        :
                                :
                                :
                                :
                                :
                                :
                                :     No. 975 WDA 2025

Appeal from the Order Entered July 17, 2025
In the Court of Common Pleas of Lawrence County Orphans' Court at
No(s):  OC-2022-20014

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

OPINION BY DUBOW, J.:                    **FILED: February 9, 2026**

Appellants, A.D. and J.D. ("Adoptive Parents"), appeal from the July 17, 2025 order entered in the Lawrence County Court of Common Pleas that denied their motion for special relief requesting to terminate visitation between their adopted children, eleven-year-old K.A.M. and thirteen-year-old C.L.M.-V. (collectively, "Children"), and their maternal grandmother, R.P. ("Biological Grandmother"), pursuant to Section 5326 of the Custody Act, 23 Pa.C.S. § 5326.  Adoptive Parents challenge the court's finding that the parties

entered into a valid Post-Adoption Contact Agreement ("PACA") under Section 2735 of the Adoption Act, 23 Pa.C.S. § 2735, and aver that under the Custody Act Biological Grandmother's visitation should have ceased post-adoption. Upon careful review, we affirm.

The following factual and procedural history is relevant to this appeal. On October 28, 2020, the Lawrence County Children and Youth Services ("the Agency") obtained emergency custody of Children and placed them in foster care. On November 5, 2020, the court adjudicated Children dependent and ordered them to remain in placement. Biological Grandmother sought to be a kinship resource but, in Summer 2021, Children were placed in a pre-adoptive foster home with Adoptive Parents. During this time, the dependency court awarded Biological Grandmother community visits with Children, which she consistently attended.

On May 4, 2022, the Agency filed petitions to terminate parental rights to Children. On August 4, 2022, Biological Grandmother filed a petition for custody and on August 9, 2022, she filed petitions to intervene in the dependency and adoption actions. The court denied the petition to intervene in the adoption action after it accepted a stipulation from the Agency and Biological Grandmother that "the standing of [] Biological [] Grandmother to file for custody will be determined based on the status of [] Biological [] Grandmother at the filing of custody action on August 4, 2022 and that standing will not be [a]ffected if the parental rights of the Natural Parents are terminated in the [orphans' court adoption] action at 20014 of 2022." Order,

- 2 -

8/10/22.  On October 13, 2022, the court terminated the parental rights of Children's mother and respective fathers.

On November 4, 2022, Biological Grandmother filed a petition for adoption of Children.  On November 7, 2022, Adoptive Parents also filed a petition for adoption.  On January 24, 2023, the court held a hearing on the competing petitions and, in lieu of presenting evidence, the parties placed a visitation agreement on the record.  The court colloquied the parties to ensure that everyone agreed, found that the agreement was in the best interest of Children, and issued an order memorializing the agreement.  The order provided, *inter alia*, that 1) Adoptive Parents are permitted to proceed forward with adoption of Children; 2) Biological Grandmother is awarded periods of partial custody every third weekend of each month; 3) Biological Grandmother can exercise an additional three overnight periods of partial custody during the summer months as agreed upon by the parties; 4) Adoptive Parents will keep Biological Grandmother informed about Children's extracurricular activities so she can attend; and 5) "[f]ollowing the adoption of the minor child[ren], [Adoptive Parents] shall file a Petition to Intervene in the custody action (Docket No. 10636 of 2022, C.A.) and the terms of this agreement shall be incorporated In the Custody Order of Court."  Order, 1/26/23.

On April 23, 2023, Adoptive Parents adopted Children.  Subsequently, Adoptive Parents failed to file a petition to intervene in the custody action as directed by the January 26, 2023 order.  Two years later, on January 31, 2025, Adoptive Parents filed a motion for special relief requesting to terminate "any

existing rights" that Biological Grandmother "may have had regarding physical custody and/or visitation" pursuant to Section 5326 of the Custody Act, which provides that any grandparent custody rights granted pursuant to Section 5324 or 5325 are terminated upon adoption. 23 Pa.C.S. § 5326. After reviewing briefs and hearing argument, the court denied Adoptive Parent's motion. The court found that Biological Grandmother was not granted custody rights pursuant to Section 5324 or 5325 of the Custody Act. Rather, the court found that the parties entered into a PACA under Section 2735 of the Adoption Act and, therefore, Adoptive Parents reliance on Section 5326 of the Custody Act was misplaced.

Adoptive Parents timely appealed. Both Adoptive Parents and the trial court complied with Pa.R.A.P. 1925.

Adoptive Parents raise the following issues for our review:

I. Did the honorable court err in failing to terminate Biological [] Grandmother's visitation rights pursuant to 23 Pa.C.S. § 5326?

II. Did the honorable court err in finding [] Adoptive Parents and Biological [] Grandmother entered a [PACA], when the clear intent from the record reflects that the agreement was related to custody?

III. Did the honorable court err in finding that the terms of the agreement that were placed on the record on January 25, 2023, constituted a valid [PACA] pursuant to 23 Pa.C.S. § 2731 and 23 Pa.C.S. § 2735?

Appellant's Br. at 41 (some capitalization omitted).

Adoptive parents essentially challenge the application of the Adoption Act, which is a claim that "presents a pure question of law." ***In re Adoption***

*of J.M.B.*, 308 A.3d 1262, 1266–67 (Pa. Super. 2024). "Accordingly, our standard of review is *de novo*[,] and our scope of review is plenary." *Id.*

As Adoptive Parents' three issues are intertwined, we address them together. The crux of Adoptive Parents' argument is that the trial court erred in applying the Adoption Act to their motion for special relief and, instead, the trial court should have applied the Custody Act to resolve the motion. Adoptive Parents first argue that the court erred in characterizing the visitation agreement as a PACA under the Adoption Act. Appellants' Br. at 41. Instead, Adoptive Parents argue that the trial court should have characterized the visitation agreement as an agreement for grandparent visitation under Section 5324 of the Custody Act, which grants grandparents standing to pursue custody, because the "clear intent from the record reflects that the agreement was related to custody." *Id.* at 51-55 (citing 23 Pa.C.S. § 5324). Adoptive Parents further argue that the agreement did not constitute a PACA because it was not "written" with affidavits of agreement attached as required by Sections 2735 and 2738 of the Adoption Act. *Id.* at 61-64 (citing 23 Pa.C.S. §§ 2735, 2738). Finally, they argue that Biological Grandmother's visitation rights automatically terminated when they adopted Children pursuant to Section 5326 of the Custody Act and, therefore, the trial court erred when it denied their motion to cease visitation. *Id.* at 55-56 (citing 23 Pa.C.S. § 5326). Upon review, we discern no legal error.

The Adoption Act explains that the purpose of a PACA is to:

provide an option for adoptive parents and birth relatives to enter into a voluntary agreement for ongoing communication or contact that: (1) is in the best interest of the child; (2) recognizes the parties' interests and desires for ongoing communication or contact; (3) is appropriate given the role of the parties in the child's life; and (4) is subject to approval by the courts.

23 Pa.C.S. § 2731. Section 2735 provides that a PACA "shall be filed with the court that finalizes the adoption of the child." *Id.* at § 2735(a). The court shall approve a PACA if it finds that the PACA has been "entered into knowingly and voluntarily" and the PACA "is in the best interest of the child." *Id.* at § 2735(b)(1)-(2). Moreover, "[a]n affidavit made under oath must accompany the agreement affirmatively stating that the agreement was entered into knowingly and voluntarily and is not the product of coercion, fraud or duress." *Id.* at § 2735(b)(1). Relevant to this case, for a PACA to be enforceable, it must be in writing and approved by the court on or before the date for any adoption decree. *Id.* at § 2738(c)(1)-(2).

The Adoption Act further provides a PACA may be discontinued by either a party to the PACA or a child at least 12 years of age, by "filing an action in the court that finalized the adoption." *Id.* at § 2739(a). The court may discontinue the PACA if it finds "by clear and convincing evidence that discontinuance serves the needs, welfare and best interest of the child." *Id.* at § 2739(b).

As an initial matter, we agree with the trial court that the parties' agreement was a PACA under the Adoption Act. We acknowledge that the parties did not present the trial court with a written agreement but emphasize

that the agreement was placed on the record in open court and subsequently reduced to writing by a court order, thus satisfying the "in writing" requirement of Section 2738. Moreover, despite the absence of an affidavit, the court engaged in a colloquy of the parties, who were all represented by counsel, and their agreement is established by the record. *See Arthur v. Kuchar,* 682 A.2d 1250, 1254 (Pa. 1996) (explaining that courts need "to strike a balance that will allow parties the flexibility to negotiate while retaining the formality necessary to effectuate a legally valid agreement" and concluding that a written requirement "can be met if an oral settlement offer is made before the court, on the record, and later transcribed"); *Borough of Brookhaven v. Zoning Hearing Bd. of Borough of Brookhaven*, 427 A.2d 1281, 1284 (Pa. Cmwlth. 1981) (explaining that when counsel places an agreement on the record the statutory demand for a writing is satisfied). Finally, the court made findings that the PACA was entered into knowingly and voluntarily and that the PACA was "in the best interest of" Children, meeting the conditions for PACA approval outlined in Section 2735 of the Adoption Act. *See* Trial Ct. Op., 7/15/25, at 11-12 (citing 23 Pa.C.S. § 2735(b)(1)-(2)).

Adoptive Parents provide no legal authority to support their position that the "intent" of the agreement was related to custody and, therefore, the Custody Act should apply. We, like the trial court, reject this argument. Our Supreme Court has explained that when a court obtains jurisdiction over a matter because the parties file under the Adoption Act, even when issues concern matters of custody, "we must be guided by the specifications of the

Adoption Act in making our determination." *In re Adoption of Hess*, 608 A.2d 10, 13 (Pa. 1992). Accordingly, we agree with the trial court and conclude that the parties' visitation agreement was indeed a PACA pursuant to the Adoption Act and that the Custody Act did not apply.

Adoptive Parents' argument that Biological Grandmother's visitation should have ceased post-adoption fails to garner relief. In its opinion, the trial court noted that Biological Grandmother was not awarded partial physical custody pursuant to Sections 5324 or 5325 of the Custody Act; rather, the parties entered into a PACA under the Adoption Act, and the motion for special relief was filed in the adoption action. The court emphasized that Adoptive Parents never filed a petition to intervene in the custody action previously filed by Biological Grandmother and, therefore, never triggered the Custody Act. The court opined:

> The agreement for visitation in this matter was reached at the Orphans' Court Adoption action and not awarded to the Biological [] Grandmother in the associated custody action. Although the Order of Court dated January 26, 2023 directed the parties to incorporate the visitation provisions into the custody action, the parties were not compliant and the Custody Act does not govern the Order of Court. Based on the analysis, this Court finds the Adoptive Parents' request under [Section 5326 of the Custody Act] to be misplaced.

*Id.*

Finally, Adoptive Parents fail to acknowledge or address the August 10, 2022 order that memorialized the stipulation that termination of parental rights would not impact Biological Grandmother's standing to pursue custody. We emphasize that this order is in direct contravention to Adoptive Parents'

- 8 -

argument that, pursuant to the Custody Act, Biological Grandmother's right to visitation ceased once Children were adopted.

In sum, we conclude that the parties' visitation agreement was a PACA under the Adoption Act. Accordingly, we agree that Adoptive Parents' request to cease termination of Biological Grandmother's visits pursuant to Section 5326 of the Custody Act is improper and find no error in the trial court's decision to deny the motion on this basis.[1]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/09/2026

---

[1] This decision is entered without prejudice to Adoptive Parents' right to file a motion to discontinue the PACA pursuant to Section 2739 of the Adoption Act if they so choose.

- 9 -