674 A.2d 1127

**Dennis R. BROWNE and Sharon Browne, his wife, Appellants,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Filed April 18, 1996.

Lawrence J. Neary, Harrisburg, for appellants.

Douglas Johnson, Reading, for appellee.

Before DEL SOLE, SAYLOR and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order which granted a motion to Correct/Vacate an Arbitration award. The court reduced the arbitration award by $186,727.00, which it found was the amount of Social Security disability benefits that had been paid or were payable to Appellants. We reverse and direct the court to reinstate the arbitration award.

Appellants are the insureds under a policy issued by Appellee, Nationwide. A claim against Nationwide was made by Appellants for Uninsured Motorist Benefits as a result of an

automobile accident which occurred in 1992 and injured Appellant/husband. When the parties were unable to agree on the amount of benefits due, the matter was arbitrated in accordance with the terms of the policy which called for arbitration of disputes under the Pennsylvania Arbitration Act of 1927, 5 P.S. 146, *et seq.*, repealed.[1] An award for Appellants was made with a specific notation that it included an offset for particular items, but that an offset was not made for Social Security benefits paid or payable. One arbitrator dissented from the portion of the award which did not deduct Social Security disability benefits. The Arbitrators later issued a clarification of their award in response to a request by Nationwide. Thereafter, Nationwide filed a Motion to Correct/Vacate the Arbitration Award to which an Answer was filed and oral argument was presented. The sole issue before the court was whether Social Security disability benefits should be deducted from the arbitration award under the terms of § 1722 of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. 1701 *et seq.* The court ruled that Social Security disability benefits paid and payable to Appellants must be deducted from the award, and reduced the arbitrators' award accordingly. We reverse.

At issue is the language of § 1722 and the recovery of Social Security disability payments.

### § 1722.  Preclusion of recovering required benefits

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or worker's compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination

1. An agreement which provides for Arbitration under the Act of 1927 permits modification or correction of an arbitration award where it is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict. *See* 501(b) of the Act of 1980 set forth in the historical note immediately following 42 Pa.C.S.A. § 7302. *See also Selected Risks Ins. Co. v. Thompson*, 363 Pa.Super. 34, 525 A.2d 411 (1987), affirmed in part, reversed in part, 520 Pa. 130, 552 A.2d 1382 (1989).

of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or worker's compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S.A. § 1722.

In interpreting § 1722 to determine whether Social Security disability payments were encompassed in the language of "any program, group contract or other arrangement" the trial court looked to the language of § 1719 and a decision of this court which concerned application of § 1719. Section 1719 entitled "coordination of benefits" states in relevant part:

(a) General rule.—Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits [medical] ) 1712(1) and (2) (relating to availability of benefits [medical and income loss] ) or 1715 (relating to the availability of adequate limits [medical, income loss, accidental death and funeral] ) shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in section 1711, 1712 or 1715 or workers' compensation.

(b) Definition.—As used in this section the term "program group contract or other arrangement" includes, but is not limited to, benefits payable by a hospital plan corporation or a professional health service corporation. . . .

75 Pa.C.S.A. § 1719.

Noting that Social Security disability benefits are not specifically mentioned in either § 1722 or § 1719, the trial court was guided by this court's decision in *Panichelli v. Liberty Mutual Insurance Co.*, 435 Pa.Super. 290, 645 A.2d 865 (1994). Therein the plaintiff sought to collect income loss benefits but his insurer claimed that it was entitled to set offs for sick time payments received by plaintiff from his employer and Social Security benefits that plaintiff was receiving. The *Panichelli*

court concluded that § 1719 must be interpreted to take into consideration programs for the payment of income loss benefits. The court ruled that the plaintiff was entitled to recover income loss benefits from the defendant without deduction for sick pay benefits and Social Security benefits he received. The court reasoned: "Mr. Panichelli has 'paid' for the sick pay benefits and social security benefits he has received. The social security benefits come at the expense of a payroll tax deduction and sick pay is a benefit employers factor in when setting wages for employees. Accordingly, any 'double dipping' has come at the expense of some form of payment by the claimant for each type of recovery." *Id.* at 296, 645 A.2d at 868.

The Supreme Court reviewed the *Panichelli* decision and affirmed. *Panichelli v. Liberty Mutual*, 543 Pa. 114, 669 A.2d 930 (1996.) The Supreme Court concurred with the Superior Court's determination that the receipt of both employer provided sick leave benefits and social security disability benefits, as well as full income loss benefits does not result in "double dipping." *Id.* at 118, 669 A.2d at 932. The court concluded that both sick pay and social security benefits programs must be construed as providing benefits in excess of and not in duplication of, income loss benefits. *Id.*

Because of the reference in § 1722 to § 1719, the trial court determined that the Social Security disability payments received in this case were benefits under "any program, group contract or other arrangement for the payment of benefits as defined in section 1719". Thus the court reasoned under § 1722 Appellant was precluded from recovering income loss benefits in that amount. The problem with the trial court's reasoning is that it does not look to other related sections of the Motor Vehicle Responsibility Law and does not consider the reasoning behind the decisions in *Panichelli*.

This same language, concerning any "program, group contract or other arrangement," is also contained in 75 Pa.C.S.A. § 1720. Section 1720 eliminates subrogation and provides:

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimburse-

ment from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa.C.S.A. § 1720.

Section 1720 clarifies that no subrogation will inure to payors of benefits similar to those benefits available under auto insurance. Previously, employers or insurers were entitled to subrogate their claims in third party tortfeasor actions. In such instances group health insurers which provided benefits were permitted to seek subrogation when the insured brought a third party tortfeasor action. The legislative pronouncement in § 1720 eliminates the right of subrogation. Section 1722, in effect, compensates for this adjustment by prohibiting those injured from recovering these same benefits. Thus, where benefits similar to those found in an auto insurance policy were once recoverable but then later subject to subrogation, now under § 1722 they simply cannot be recovered, thereby eliminating the need for subrogation. In Section 1722 the legislature has precluded recovery, where in the past subrogation resulted in a reduction of the recovery by requiring a payback by the injured party. The changes brought about in § 1720 and § 1722 have zero net effect on the injured party.

Because Social Security disability benefits were never subject to subrogation they do not fall within the purview of Sections 1720 and 1722. Historically they have not been viewed as an item for which a traditional tort award would be reduced. Had the legislature wished to include Social Security disability payments within the preclusions of § 1722 it could have specifically named these payments, as was done with workers' compensation benefits. Section 1722 was obviously designed to refer to only those benefits which are specifically recoverable as first party benefits under the MVFRL, 75

Pa.C.S.A. § 1701 *et seq.*, or which had historically been subject to subrogation. ´Social Security disability payments do not fit within either category.

Our conclusion is in keeping with the reasoning behind the decision in *Panichelli.* It was noted that Social Security disability benefits are benefits for which the employee has paid in the form of payroll deductions. The receipt of these benefits by the plaintiff in *Panichelli,* and their receipt in this case, do not constitute "double dipping." Appellant has paid for these benefits throughout his working career and has paid a separate premium to be compensated for all loss caused by an uninsured motorist. Recovery of both is not duplicative. Rather it is fair and contemplated by the terms of the MVFRL.

Accordingly we conclude that the arbitrators did not err when they refused to make an offset for Social Security disability benefits "paid or payable." The trial court's ruling deducting these benefits is reversed and the court is ordered to reinstate the award of the arbitrators.

SAYLOR, J., concurs in the result.