**Carroll v. Kephart**

*S. Allen Needleman,* for plaintiffs.
*James P. Bradley,* for defendants.

BRADLEY, *J.,* July 16, 1997—Plaintiffs appealed from the jury verdict awarding plaintiff Brian Carroll $20,225 ($13,725 for medical expenses and $6,500 for pain and suffering) and plaintiff Margaret Carroll $7,500. This court denied plaintiffs' post-trial motion for a new trial. This appeal followed.

On October 30, 1993, plaintiffs Margaret and Brian Carroll were rear-ended by defendant Rosalie Kephart. As a result of the collision, Brian Carroll struck his head on the dashboard and his mother, Margaret Carroll, was whiplashed and hit her head on the headrest.

Since the defendant admitted liability, the only issue to be resolved at trial was damages. Plaintiff's chiropractor testified at trial that Margaret Carroll strained and sprained her neck and shoulder as a result of the accident. Brian Carroll's injuries were allegedly more extensive. Plaintiff argued that Mr. Carroll suffered a closed head injury which caused him to suffer temporary memory loss, dizziness or vertigo and severe headaches which caused him to do poorly in school and to become extremely unmotivated and lazy.

Plaintiffs argue by way of their statement of matters complained of on appeal that this court erred by: (1)

excluding Margaret Carroll's lost wages from being admitted as evidence of damages, (2) denying a new trial based on inadequate damages for Brian and Margaret Carroll, (3) denying plaintiffs' petition for delay damages and (4) not striking defendant's post-trial response and brief. These issues will be addressed accordingly.

## I.

First, plaintiffs complain that this court erred by excluding Mrs. Carroll's loss of wages as evidence of damages and that this preclusion was prejudicial. As a result of the accident, Mrs. Carroll lost time from work as a bus driver. However, during this time she received sick pay from her employer. She failed to purchase income loss protection in her insurance policy. Therefore, the issue presented is: whether the failure to purchase that option precludes the recovery of wage loss from a tort-feasor, where the victim receives employer-paid sick leave. Section 1722 of the Motor Vehicle Financial Responsibility Act provides:

"In any action for damages *against a tort-feasor,* or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, *a person who is eligible* to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) *shall be precluded from recovering the amount of benefits paid or payable under this subchapter,* or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719." 75 Pa.C.S. §1722. (emphasis added)

Under this section, Margaret Carroll is precluded from recovering loss of wages from the *tort-feasor,* Rosalie Kephart. Margaret Carroll was *eligible to receive* income loss benefits[1] and chose not to purchase that insurance.

Plaintiffs urge that this court is bound by *Panichelli v. Liberty Mutual Insurance Group,* 543 Pa. 114, 669 A.2d 930 (1996), and *Browne v. Nationwide Mutual Insurance Co.,* 449 Pa. Super. 661, 674 A.2d 1127 (1996), and, therefore, this court must permit plaintiff to recover her lost wages from the defendant. In *Panichelli,* the Pennsylvania Supreme Court held that an insurer cannot reduce payments to an insured by the amount of sick pay and Social Security the insured received. *Id.* at 118, 669 A.2d at 933. The court placed emphasis on the fact that the plaintiff-insured paid for those benefits through payroll deductions and paid his insurance premiums and, therefore, he was entitled to double recovery. Relying on *Panichelli,* the court in *Browne* held Social Security received by the plaintiff-insured did not entitle the defendant-insurer to offset their payments by the amount received. *Id.* at 663, 674 A.2d at 1129. The court reasoned section 1722 did not apply to Social Security, since Social Security was never subject to subrogation and did not fall within the purview of section 1722.[2]

---

1. Under section 1712(2) of the MVFRA insurers of motor vehicles shall make available for purchase first party benefits including income loss benefits.

2. The benefits included in section 1722 are defined in section 1719, coordination of benefits, which provides:

"Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits) 1712(1) and (2) (relating to availability of benefits) or 1715 (relating to avail-

However, this court finds sick pay, the type of benefit bestowed upon Margaret Carroll, falls within section 1722. Accordingly, she cannot "double dip" by receiving sick pay and recover the same damages from the defendant. Section 1722 was intended to prevent this situation from occurring where Mrs. Carroll chose not to purchase income loss protection insurance and paid less money. Furthermore, the facts of this case are distinguishable from those in *Panichelli* and *Browne* which involved an insured claiming first party benefits from their respective insurance carrier. See *DeVita v. Durst,* 167 Pa. Commw. 105, 647 A.2d 636 (1994).

## II.

Plaintiffs' next argument is that this court erred by not granting plaintiffs a new trial based on inadequacy of the verdict. Where the trial court has refused to grant relief for an inadequate verdict, the appellate court will not grant a new trial without a clear abuse of discretion. *DeVita v. Durst, supra.* A jury verdict is set aside as inadequate when it appears to have been the product of passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994). Where the jury's verdict is so contrary to the evidence as to "shock one's sense of justice" a new trial should be awarded. *Id.* at 225, 648 A.2d at 3. Margaret Carroll's

---

ability of adequate limits) shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in sections 1711, 1712 or 1715 or workers' compensation." 75 Pa.C.S. §1719.

award of $7,500 and Brian Carroll's award of $20,225 does not "shock" this court's "sense of justice" and, therefore, plaintiffs' motion for new trial was properly denied.

Plaintiffs argue that the jury verdict for Brian Carroll was inconsistent because his award of complete medical expenses, $13,725, justified pain and suffering damages greater than the verdict of $6,500. As a result of the accident, Brian Carroll allegedly suffered closed head injuries causing him to lose memory and to do poorly in school. However, defendant's expert testified that the data was insufficient to determine if the accident caused Brian's poor academic achievement. (N.T. 9/18/96 pp. 166-67.) Brian had poor grades prior to the October 30 accident. Furthermore, Brian was in five ski accidents prior to this incident which may have caused some of his injuries. (N.T. 9/17/96 pp. 215-16.)

Additionally, the extent of Brian's closed head injury was vigorously disputed at trial. Plaintiff's own expert testified that Brian had no complaints of a head injury at the hospital following the accident. (N.T. 9/18/96 p. 32.) In fact, there was testimony that the defendant was only traveling *five miles per hour* when the defendant hit the plaintiffs' car. (N.T. 9/18/96.) Mr. Carroll did not lose consciousness during the accident indicating that his injury was not severe. According to Doctor Kates, Brian's CAT scan results were normal. Medical expenses are not indicative of pain and suffering; therefore, the verdict for Brian Carroll was not inconsistent as a matter of law.

Plaintiffs argue the award of $7,500 for Margaret Carroll was grossly inadequate because of her extensive medical treatment and continual pain and suffering. As a result of the accident, Mrs. Carroll complained of sprained and strained neck and right shoulder for which

she was treated by her chiropractor. However, Mrs. Carroll testified she had bursitis in her right shoulder prior to this accident (N.T. 9/16/96 p. 122), and her chiropractor testified that she suffered ongoing pain in her right shoulder prior to October 30, 1993. Furthermore, defendant's expert testified to a reasonable degree of medical certainly that Mrs. Carroll's "complaints cannot be related to the October 1993 incident." (N.T. 9/18/96 p. 111.) Still, plaintiffs argued that Mrs. Carroll's prior condition was not the cause of her alleged injuries.

Since plaintiffs' claims of damages were contradicted by successful cross-examination and defendant's expert, this court properly denied plaintiffs' motion for a new trial based on inadequate damages for both Margaret and Brian Carroll. "It is not for any reviewing court to dictate what evidence a jury must believe." *Catalano v. Bujak,* 537 Pa. 155, 161, 642 A.2d 448, 451 (1994). Plaintiffs' counsel told the jury in his closing speech, that the seriousness of Brian Carroll's injuries "is a question of your common sense and your intelligence and your understanding of what you've heard." (N.T. 9/18/96 p. 217.)[3]

## III.

Plaintiffs further argue that this court erred by not granting their petition for delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure. This personal injury action was commenced on January

---

3. We will not address plaintiffs' argument that the jury cannot legally rely on a compromise verdict rationale because this court does not find that the verdicts for Brian and Margaret Carroll were grossly inadequate as a matter of law.

6, 1995. Defendant made a written offer of settlement to plaintiffs on September 13, 1996, which was rejected. A jury verdict for the plaintiffs was entered on September 19, 1996. Therefore, delay damages, if awarded, are calculated utilizing the time period between January 6, 1996, and September 19, 1996. See Pa.R.C.P. 238(a)(2)(ii). This period of time shall exclude time during which the plaintiff caused delay. Pa.R.C.P. 238(b)(2). Contrary to their petition for delay damages, plaintiffs caused considerable delay before trial. In a letter to the court, plaintiffs requested a continuance on May 2, 1996. (Defendant's exhibit A.) Further, plaintiffs failed to answer defendant's interrogatories filed on January 27, 1995. Thereafter, this court compelled plaintiffs to respond to defendant's request on May 12, 1995. (Defendant's exhibit B.) Accordingly, plaintiffs' fault in delaying the trial effectively negates any claim for delay damages. See *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986).

IV.

Plaintiffs' final argument is that this court erred by not striking defendant's untimely post-trial response and brief. On October 7, 1996, this court originally ordered that plaintiffs' brief in support of post-trial motions is due three weeks after receipt of the notes of testimony and that defendant's brief is due three weeks thereafter. Upon receipt of the notes of testimony on October 25, 1996, plaintiff requested this court to postpone the due date for their brief, from November 15, 1996, until December 15, 1996. We granted plaintiffs' request to which defendant did not object. Plaintiffs subsequently filed their brief three days late, on December 18, 1996,

despite this court's generous latitude. The defendant's response was filed on February 3, 1997, about three weeks after this court's deadline. Weighing the equities, we believe our refusal to strike defendant's post-trial brief was not error, especially where plaintiffs show no prejudice.