722 A.2d 1012

**William SAMMONS, Appellee,**

v.

**CIVIL SERVICE COMMISSION OF the CITY OF PHILADELPHIA, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 28, 1997.

Decided Dec. 22, 1998.

Martin G. Malloy, Philadelphia, James M. Pacious, for City of Philadelphia.

Julian C. Wessell, III, Philadelphia, Ira B. Shrager, for William Sammons.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### ORDER

PER CURIAM:

The Court being equally divided, the Order of the Commonwealth Court is affirmed.

Chief Justice FLAHERTY, Justice ZAPPALA, and Justice NEWMAN would dismiss the appeal as having been improvidently granted.

Justice CAPPY files an Opinion in Support of Reversal in which Justice CASTILLE and NIGRO join.

## OPINION IN SUPPORT OF REVERSAL

CAPPY, Justice.

This court is equally divided and affirms, per curiam, the order of the Commonwealth Court. I respectfully disagree with the published decision of the Commonwealth Court and write separately to express my views in support of reversal. In sum, I believe that the Commonwealth Court erred in *sua sponte* considering the competency of the evidence in the case, an issue that was not raised or argued by either party at any stage of the proceedings below, and by reversing the lower tribunals based upon that issue. Thus, I would reverse the order of the Commonwealth Court.

A brief procedural history of this matter is necessary to demonstrate why the Commonwealth Court erred. On November 21, 1998, Appellee, Detective William Sammons, injured his coccyx as a result of a fall from a chair. Appellee was awarded injury-on-duty (IOD) benefits pursuant to Civil Service Regulation 32. Ultimately, on March 5, 1990, the Municipal Employees' Compensation Clinic ordered Appellee back to full active-duty. Appellee refused to return to work and exercised his option to file an appeal with the Commission.

The sole issue before the Commission was whether Appellee had recovered sufficiently to return to full active-duty status. Before the Commission, Appellant only submitted documentary evidence in support of its position that Appellee was able to return to work. No objection was raised by Appellee as to the hearsay nature of this evidence. The Commission issued a decision in which it concluded that Appellant had met its burden and that Appellee was able to return to full active-duty.

Appellee appealed to the Philadelphia County Court of Common Pleas. In his statement of issues on appeal, Appel-

lee raised the issue of whether the Civil Service Commission's decision was supported by substantial competent evidence. However in Appellee's brief before the court, no mention was made of the hearsay nature of the evidence or the ramifications of such evidence being hearsay. Rather, Appellee's argument with respect to the substantial evidence was limited to assertions that the Commission disregarded certain evidence and misconstrued other evidence, and contentions regarding the weight and credibility of the evidence. The Court of Common Pleas affirmed the Commission's decision.

On appeal to the Commonwealth Court, Appellee again raised the issue of whether the findings of the Civil Service Commission were based upon the substantial evidence of record. However, in his brief to the Commonwealth Court, Appellee once more failed to assert the hearsay nature of the evidence or its impact upon the proceedings.

While Appellee did not raise or address the issue of the competency of the evidence, the Commonwealth Court concluded that Appellant did not meet its burden of proof because of the hearsay nature of the evidence. "Here, the parties essentially litigated the case 'on paper;' therefore, the medical evidence Employer introduced, though not objected to, is not corroborated by any competent evidence in the record. Because the Commission's findings that Employee no longer suffers from disabling pain, based on hearsay alone, is without support, Employer has not met its burden of proof, and the Commission's decision should be reversed." *Sammons v. Civil Service Commission of Philadelphia,* 673 A.2d 998, 1004 (Pa.Cmwlth.1996).

An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court. *Fisher v. Brick,* 358 Pa. 260, 264, 56 A.2d 213, 215 (1948). Moreover, an appellate court will only pass upon the controversies properly presented to it by the litigants. *Commonwealth, Department of Transportation v. Boros,* 533 Pa. 214, 221–22, 620 A.2d 1139, 1143 (1993)(Issue of applicability of affirmative defense not an issue involved in the case before the Commonwealth Court since none of the parties argued the

4

issue in their initial briefs filed with the court); *Wiegand v. Wiegand,* 461 Pa. 482, 485, 337 A.2d 256, 257 (1975)(Constitutionality of provisions never questioned by parties either in trial court or in briefs to Superior Court, thus, Superior Court exceeded proper appellate function of deciding controversies presented to it by *sua sponte* deciding constitutional issue).

In the case *sub judice,* the import of the hearsay nature of the evidence was not raised or argued by either of the parties at any point in the proceedings, and thus, was not an issue before the Commonwealth Court. Therefore, the Commonwealth Court erred by considering the import of the hearsay evidence, *sua sponte.*

While I do not believe that an issue should be deemed to be waived simply because the issue was not articulated as lucidly as perhaps desired, I do believe that only if a question is fairly deemed to be comprised within the stated issue, and is argued and briefed by the party, should it serve as a basis for reversal by an appellate court.

For the above stated reasons, I would reverse the decision of the Commonwealth Court.

Justices CASTILLE and NIGRO join this Opinion in Support of Reversal.