723 A.2d 664

**Judith A. KNARR, Appellant,**

**v.**

**ERIE INSURANCE EXCHANGE, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Jan. 25, 1999.

Paul J. Malizia, Emporium, for Knarr, appellant.

Matthew B. Taladay, Du Bois, for Erie Ins. Co., appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

Judith A. Knarr (Appellant) appeals from an Order of the Superior Court that reversed an Order of the Court of Common Pleas of Cameron County (trial court) granting Appellant's Petition to Vacate and/or Modify an Arbitration Award. Because the Superior Court exceeded its proper scope of review, we reverse.

### FACTUAL AND PROCEDURAL HISTORY

On October 5, 1991, Appellant was injured in a collision with an uninsured motorist. Appellant commenced an action against Erie Insurance Exchange (Erie), and the case proceeded to arbitration. Following two hearings, the panel of Arbitrators awarded Appellant a total of $110,305.00 for lost earnings and earning capacity and pain and suffering. However, the Arbitrators deducted from the award the sum of $58,587.20, which represented future social security disability benefits that Appellant would receive because of the accident. Thus, the Arbitrators' final award amounted to $51,617.80.

Both parties filed Petitions to Vacate and/or Modify the Arbitration Award. The trial court held that, pursuant to *Browne v. Nationwide Mutual Insurance Company*, 449 Pa.Super. 661, 674 A.2d 1127 (1996), *alloc. denied*, 545 Pa. 674, 682 A.2d 306 (1997), the Arbitrators erred in deducting the amount of Appellant's future social security disability benefits. Accordingly, the court modified the award to include that amount, raising the total award to $110,305.00. Erie appealed to the Superior Court.

In a Memorandum Opinion, the Superior Court reversed the Order of the trial court, holding that the Uniform Arbitration Act of 1980 (1980 Act), 42 Pa.C.S. §§ 7301–7320, and not the Uniform Arbitration Act of 1927 (1927 Act), Act of April 25, 1927, P.L. 381, No. 248, governed the trial court's scope of review. Pursuant to the 1927 Act, a trial court may "modify or correct the [arbitrators'] award where the award is contrary to law. . . ." *See* 42 Pa.C.S. § 7302(d)(2). The 1980 Act, however, removed the "contrary to law" grounds from the scope of the trial court's review. *See* 42 Pa.C.S. § 7314. Here, the trial court modified the Arbitrators' award on the ground that it was contrary to law, and the Superior Court concluded that in doing so, the trial court erroneously applied the broader scope of review of the 1927 Act instead of the more limited review permitted by the 1980 Act.

■ On appeal to this Court, Appellant argues, quite correctly, that the Superior Court itself exceeded its proper scope of review. At neither the trial court level nor the appellate court level did Erie argue that the provisions of the 1980 Act controlled the trial court's review of the arbitration award. To the contrary, in its Petition to Vacate and/or Modify the Arbitration Award, Erie specifically stated that the arbitration was conducted pursuant to the 1927 Act. Erie's failure to raise the issue of the applicability of the 1980 Act constituted a waiver of that issue. *See* Pa.R.A.P. 302(a); *Winters v. Erie Insurance Group*, 367 Pa.Super. 253, 532 A.2d 885 (1987); *Pirches v. General Accident Insurance Company*, 354 Pa.Super. 303, 511 A.2d 1349 (1986); *Littlejohn v. Keystone Insurance Company*, 353 Pa.Super. 63, 509 A.2d 334 (1986).

■ Notwithstanding Erie's waiver, the Superior Court *sua sponte* addressed the issue of whether the 1980 Act applied. This was clear error. We have held on numerous occasions that where the parties fail to preserve an issue for appeal, the Superior Court may not address the issue, even if the disposition of the trial court was fundamentally wrong. *See, e.g., National Union Fire Insurance Company of Pittsburgh v. Gateway Motels, Inc.,* 551 Pa. 407, 710 A.2d 1127 (1998); *Arthur v. Kuchar,* 546 Pa. 12, 682 A.2d 1250 (1996); *Rivera v. Philadelphia Theological Seminary,* 510 Pa. 1, 507 A.2d 1 (1986); *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975). Therefore, regardless of the accuracy of the Superior Court's legal analysis, we are compelled to reverse the Order of the Superior Court and reinstate the Order of the trial court.[1]

Justice NIGRO files a dissenting opinion.

NIGRO, Justice, dissenting.

I dissent from the majority's conclusion that the Superior Court erred in reversing the trial court where it applied the wrong scope of review in an appeal from an arbitration award. To the contrary, an appellate court must have the ability to review a case in the proper framework when determining if there was error in the forum below.

The Superior Court has previously vacated a trial court's judgment *sua sponte* where the trial court reviewed an arbitration award pursuant to an erroneous standard. In *MGA Insurance Co. v. Bakos,* 699 A.2d 751 (Pa.Super.1997), an

---

1. In its appeal to the Superior Court, Erie raised three issues: (1) whether the trial court erred in adding back to the arbitration award the amount of Appellant's future social security disability benefits; (2) whether the trial court erred in holding that Appellant was a resident of her parents' home for purposes of uninsured motorist coverage under her parents' policy with Erie; and (3) whether the trial court erred in holding that Appellant's injuries were caused by the October 5, 1991 motor vehicle accident. The Superior Court erroneously applied the provisions of the 1980 Act in addressing the three issues. Nevertheless, we decline to remand the residency and causation issues to the Superior Court for consideration pursuant to the provisions of the 1927 Act, because those issues are matters of pure fact, and therefore they are not reviewable pursuant to the "contrary to law" standard.

automobile insurer petitioned to vacate or modify an arbitration award which was entered in an insured's favor. The petition alleged errors in the arbitration process. The trial court denied the petition and directed the insurer to pay attorneys' fees. On appeal to the Superior Court, the insurer alleged procedural irregularities and challenged the fee award.

Before reaching these issues, the Superior Court reviewed the insurance policy that applied to the dispute. It provided for arbitration in accordance with the Uniform Arbitration Act. Thus, the court found that the rules of statutory arbitration under the Uniform Arbitration Act of 1980 governed the appeal. *MGA,* 699 A.2d at 752–53. It determined that under the statute, a court shall vacate an award where there is fraud, where the arbitrator is biased or exceeds his powers, or where there are other procedural irregularities. *Id.* Notwithstanding the language of the policy and the statutory mandate, the Superior Court found that the trial court reviewed the arbitration award under common law principles, which allow an award to be vacated where a party is denied a hearing or where fraud, misconduct, corruption or another irregularity cause an unjust award. *Id.* Holding that the trial court erred in reviewing the award under this standard, it vacated the judgment and remanded the case for review pursuant to the principles of statutory arbitration. *Id.*

Like the Superior Court in *MGA,* the Superior Court here found that the trial court reviewed the issues before it under an erroneous scope of review. While I recognize that in other cases cited by the majority, the Superior Court has proceeded under an improper scope of review where that scope is not challenged, I disagree with such an approach. Since an appellate court's scope of review establishes the framework for its decision on the substantive issues raised, it seems illogical to preclude it from addressing these issues under the proper scope of review. The job of an appellate court is to review the issues raised pursuant to its scope of review. *See, e.g., Cotterman v. Allstate Ins. Co.,* 446 Pa.Super. 202, 666 A.2d 695 (1995)(before addressing the substantive issues raised in an appeal from an arbitration award, the court determined the

applicable scope of review). As such, I would affirm the decision of the Superior Court.[1]

---

1. I note that this case is distinguishable from *Sammons v. Civil Service Comm'n*, 555 Pa. 1, 722 A.2d 1012 (1998), where I joined the Dissenting Statement of Justice Cappy, which concluded that the Commonwealth Court erred in *sua sponte* considering the competency of the evidence where neither party had challenged it. Unlike the evidentiary issue involved in *Sammons*, the present case involves the parameters under which the appellate court must operate.