J. A29004/15

2016 PA Super 76

ROULETTE PRICE,                :      IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
             Appellant    :
                                :
               v.              :          No. 1886 WDA 2014
                                :
ALAN CATANZARITI, D.P.M.    :

Appeal from the Judgment Entered October 21, 2014,
in the Court of Common Pleas of Allegheny County
Civil Division at No. GD 110001164

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

OPINION BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 30, 2016**

Roulette Price appeals from the judgment entered October 21, 2014, following the granting of a compulsory non-suit for the defendant/appellee, Alan Catanzariti, D.P.M., in this medical malpractice liability action.[1]  The trial court granted compulsory non-suit and dismissed the case after finding that appellant's proposed expert witness, Mark Robert Foster, M.D., a

---

[1] Appellant purports to appeal from the October 17, 2014 order denying post-trial motions.  "Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court." ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514 (Pa.Super. 1995).  An appeal from an order denying post-trial motions is interlocutory. ***Id.***; Pa.R.A.P. 301(a), (c), and (d).  An appeal to this court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions. ***Id.***  We have corrected the caption accordingly.

board-certified orthopedic surgeon, did not meet the qualification requirements of the MCARE Act.[2]  After careful review, we reverse.

The trial court has summarized the history of this case, as well as described its reasoning for excluding Dr. Foster's testimony, in its opinion filed on January 20, 2015, pursuant to Pa.R.A.P. 1925(a), set forth here in its entirety:

> Plaintiff has appealed from the judgment entered in favor of Defendant by the Court in this medical malpractice lawsuit.  The court granted Defendant's Motion for Nonsuit following the exclusion of the testimony of Plaintiff's expert.  Plaintiff challenges on appeal the Court's ruling excluding the testimony of her expert.  We believe that Plaintiff's expert was not qualified to render an expert opinion on the facts and issues of this case.
>
> Plaintiff's lawsuit alleged that Defendant improperly performed podiatric surgery, causing her certain injuries.  Defendant is a board-certified podiatric surgeon.  Plaintiff sought to present as an expert in this matter a board-certified orthopedic surgeon who had not performed surgery in over eight years.  Plaintiff's expert, while an orthopedic surgeon, is not and never has been[] a board-certified podiatric surgeon.
>
> The MCARE Act requires that an expert called to testify on standard of care issues be board certified by the same or similar board as the Defendant, 40 P.S. §1303.512(c)(3).  An expert called to testify on the standard of care purportedly not met must "...practice in the same subspecialty as the Defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue...", 40 P.S. §1303.512(c)(2).

---

[2] The Medical Care Availability and Reduction of Error Act ("MCARE"), 40 P.S. § 1303.512.

> Whether a witness has been properly qualified as an expert is vested in the discretion of the trial court, **Wexler v. Hecht**, 847 A.2d 95, 98 (Pa.Super 2004).[3]

---

[3] In **Wexler**, this court held that the plaintiff's proposed expert, Lawrence Lazar, D.P.M. (Doctor of Podiatric Medicine), could not testify against the defendant, an orthopedic surgeon, where they are two different fields of medicine. **Id.** at 100-101. We affirmed the trial court's exclusion of the podiatrist's opinion using the common law standard for expert witnesses. **Id.** Later in the opinion, in what has been criticized as **dicta**, **see Herbert v. Parkview Hospital**, 854 A.2d 1285, 1291 (Pa.Super. 2004), **appeal denied**, 872 A.2d 173 (Pa. 2005), this court also opined that the podiatrist's testimony would have been inadmissible under MCARE. **Id.** at 102-103. The MCARE Act was enacted after the plaintiff's complaint was filed and the trial court expressly ruled that its decision excluding Dr. Lazar's testimony was not based on the MCARE Act. **Id.** at 101.

Our supreme court granted **allocatur** and affirmed on a different basis, holding, first, that Section 512 applies at trials of medical malpractice actions occurring after its effective date, assuming the affordance of adequate time for preparation and adjustment; and second, that the MCARE Act expressly distinguishes between physicians and podiatrists, and the plaintiff's expert, as a podiatrist, is not licensed as a physician to practice medicine by the State Board of Medicine and is therefore unqualified under the MCARE Act to provide opinion testimony concerning the applicable standard of care. **Wexler v. Hecht**, 928 A.2d 973, 981-982 (Pa. 2007). Our supreme court in **Wexler** found that Section 512 explicitly forbids non-physicians from testifying as expert witnesses against physician-defendants:

> Although clearly there is some overlap in practical application, it is evident from the panoply of referenced legislation that the Legislature is well aware of the clear and formal line of demarcation between regulation of the practice of medicine generally and regulation of the practice of podiatric medicine. Thus, we find that the General Assembly's reference in Section 512(b)(1) to an expert "possessing an unrestricted physician's license to practice medicine" unambiguously denotes a medical doctor or osteopath licensed by a state board appropriate to such practices. Further, since there is no provision for waiver of this requirement relative

It is clear that Plaintiff's expert is not in the same subspecialty as Defendant. The question thus becomes whether the expert's subspecialty has a substantially similar standard of care for the care at issue, or whether Plaintiff's expert falls within one of the exceptions listed in the above section. We believe that Plaintiff cannot satisfy this requirement.

It is apparent that clinical orthopedics and podiatric surgery are different subspecialties. Plaintiff's expert is not certified by the same boards as Defendant. Defendant's care was not outside his specialty, thus making the exception listed in 40 P.S. §1303.512(d) inapplicable. The second exception at §1303.512(e) permits a court to waive the specialty and board certification requirements where the proffered expert has sufficient training, experience and knowledge as a result of full-time teaching or active involvement in the field where the expert seeks to testify -- here podiatric surgery. It is clear Plaintiff cannot satisfy this exception. Plaintiff's expert did not teach podiatry, does not perform podiatric surgery and had not performed any surgery in over eight years. The MCARE statu[t]e has promulgated a five-year period in which the proffered expert must have practiced. **See Weiner**

---

to expert testimony concerning the applicable standard of care, **see supra** note 3, the common pleas court appropriately concluded that Dr. Lazar was unqualified, under the MCARE Act, to provide evidence essential to the support of Appellant's action.

**Id.** at 981-982 (footnote omitted). Justice Castille filed a dissenting opinion in which Justices Baer and Baldwin joined, opining that the MCARE Act is not purely procedural and should not apply retroactively. Applying the more lenient common law standard for admission of expert testimony, Justice Castille would have held that Dr. Lazar had sufficient credentials to testify as an expert witness about the procedure at issue (bunionectomy). **Id.** at 988-989.

> ***v. Fisher***, 871 A.2d 1283, 1286-87 ([Pa.Super.] 2005).
>
> Plaintiff seeks to argue that her expert's specialty of an orthopedic surgeon is substantially similar to podiatric surgery to allow testimony. The Pennsylvania Superior Court in ***Wexler v. Hecht***, 847 A.2d 95, 100 (2004), however, found that the standard of care for an orthopedic surgeon is substantially different from that of a podiatric surgeon. A podiatric surgeon was thus not permitted to offer expert testimony on the performance of an orthopedic surgeon. We see no reason why the converse should be permitted here.
>
> Other Courts of Common Pleas have reached similar conclusions. ***See Kling v. Waciuma***, 2012 WL 5362590 (Lycoming Co. 2012), ***Carter v. Davila***, (Mercer Co. 2006, Reed, J.).
>
> Plaintiff's expert has not performed surgery in over eight years and has apparently never performed the podiatric surgery at issue here.[4] His practice at present is in clinical orthopedics. There is nothing to support a finding that his practice satisfies the requirements and standards promulgated in MCARE. He does not practice in the same subspecialty or one with a substantially similar standard of care for the type of surgery at issue in this case. He is not board certified by the same or a similar board as Defendant, and does not fit within any of the

---

[4] Appellant's specific surgery involved debridement of the Achilles tendon, a right calcaneal exostectomy, and flexor hallucis longus ("FHL") transfer. (Notes of testimony, 6/2-3/14 at 145). Dr. Foster testified that while he cannot recall having done just those three surgeries together as a single procedure, he has performed each of them approximately 50 times. (***Id.*** at 145-146, 160-161.) Dr. Foster also testified that orthopedic surgery includes the subspecialty of the foot and ankle, and as part of the examination for the Board of Orthopedic Surgery, he has studied each of those procedures, ***i.e.***, debridement of the Achilles tendon, FHL tendon transfers, and excision of the calcaneous. (***Id.*** at 158-159.) So, to say that Dr. Foster has never performed the podiatric surgery at issue in this case is not supported by the record.

exceptions that the Act provides. Accordingly, his testimony was properly excluded and nonsuit was appropriately entered in favor of Defendant.

Trial court opinion, 1/20/15 at 1-3.

On June 3, 2014, the trial court granted appellee's motion to exclude the testimony of Dr. Foster. The trial court also granted appellee's motion for compulsory nonsuit and dismissed the case with prejudice. A timely motion for post-trial relief was filed on June 12, 2014, and denied on October 17, 2014. Judgment was entered on October 21, 2014, in favor of appellee and against appellant. A timely notice of appeal was filed on November 14, 2014. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), and the trial court filed an opinion.

Appellant has raised the following issue for this court's review:

1. Whether the Lower Court committed an error of law in excluding the testimony of Plaintiff's medical expert witness under the MCARE Act?

Appellant's brief at 4.

Interpretation of the MCARE statute presents a question of law. **Wexler v. Hecht**, 928 A.2d 973, 977 (Pa. 2007). Thus, our standard of review is **de novo** and our scope of review is plenary. **Anderson v. McAfoos**, 57 A.3d 1141 (Pa. 2012); **Gbur v. Golio**, 963 A.2d 443 (Pa. 2009); **Hyrcza v. West Penn Allegheny Health Sys., Inc.**, 978 A.2d 961, 972 (Pa.Super. 2009), **appeal denied**, 987 A.2d 161 (Pa. 2009).

The MCARE Act, Section 512, "Expert qualifications," provides:

(a)    GENERAL RULE.—No person shall be competent to offer an expert medical opinion in a medical professional liability action ***against a physician*** unless that person possesses sufficient education, training, knowledge and experience to provide credible, competent testimony and fulfills the additional qualifications set forth in this section as applicable.

(b)    MEDICAL TESTIMONY.—An expert testifying on a medical matter, including the standard of care, risks and alternatives, causation and the nature and extent of the injury, must meet the following qualifications:

   (1)    Possess an unrestricted physician's license to practice medicine in any state or the District of Columbia.

   (2)    Be engaged in or retired within the previous five years from active clinical practice or teaching.

      Provided, however, the court may waive the requirements of this subsection for an expert on a matter other than the standard of care if the court determines that the expert is otherwise competent to testify about medical or scientific issues by virtue of education, training or experience.

(c)    STANDARD OF CARE.—In addition to the requirements set forth in subsections (a) and (b), an expert testifying ***as to a physician's standard of care*** also must meet the following qualifications:

   (1)    Be substantially familiar with the applicable standard of care for the

specific care at issue as of the time of the alleged breach of the standard of care.

(2) Practice in the same subspecialty *as the defendant physician* or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e).

(3) In the event *the defendant physician* is certified by an approved board, be board certified by the same or a similar approved board, except as provided in subsection (e).

(d) CARE OUTSIDE SPECIALTY.—A court may waive the same subspecialty requirement for an expert testifying on the standard of care for the diagnosis or treatment of a condition if the court determines that:

(1) the expert is trained in the diagnosis or treatment of the condition, as applicable; and

(2) *the defendant physician* provided care for that condition and such care was not within *the physician's* specialty or competence.

(e) OTHERWISE ADEQUATE TRAINING, EXPERIENCE AND KNOWLEDGE.—A court may waive the same specialty and board certification requirements for an expert testifying as to a standard of care if the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in or full-time teaching of medicine in the

> applicable subspecialty or a related field of medicine within the previous five-year time period.

40 P.S. § 1303.512 (emphasis added). On its face, Section 512 applies only to **physician-defendants**. Appellee, as a podiatrist, is not a physician as that term is statutorily defined. **See Wexler**, 847 A.2d at 103.[5] Appellee concedes as much in his brief. (Appellee's brief at 11-12 (distinguishing between medical doctors and podiatrists).) As such, although this is a professional liability claim necessitating a certificate of merit pursuant to Pa.R.C.P. 1042.3, appellant is not required to meet the heightened standard for admission of expert medical testimony under Section 512 of the MCARE Act. Rather, the common law standard, **i.e.**, that a witness is qualified to testify if he has any reasonable pretension to specialized knowledge on the subject under investigation, would apply. **See Wexler**, 847 A.2d at 105-106 (Johnson, J. dissenting) (discussing Pennsylvania's "relatively modest"

---

[5] By statute, podiatrists are not "physicians." **See**, 1 Pa.C.S.A. § 1991 (defining "physician" in relevant part as a person licensed "to engage in the practice of medicine and surgery in all its branches"); 63 P.S. 422.2 (defining "physician" as a "medical doctor" or "doctor of osteopathy"; further defining "medical doctor" as one who is licensed by the State Board of Medicine); 63 P.S. § 42.1 **et seq.** (podiatrists are licensed by the State Board of Podiatry); 40 P.S. § 1303.103 (distinguishing between physicians and podiatrists in the definition of "health care provider").

**Id.**

common law standard for admission of expert testimony). Certainly, Dr. Foster, as a board-certified orthopedic surgeon, would meet that standard. **Wexler**, 928 A.2d at 988-989 n.7 (Castille, J., dissenting) (orthopedist may testify as to standard of care of podiatrist performing foot surgery). The fact that Dr. Foster has not performed surgery in eight years, or that he specializes in the spine rather than the foot, goes to the weight of his testimony, not its admissibility, and is for the jury to consider.[6]

Reversed. Remanded for new trial. Jurisdiction relinquished.

Musmanno, J. joins the Opinion.

Bowes, J. files a Concurring and Dissenting Opinion.

---

[6] Appellee acknowledges, in his brief, that "An argument could be made that the expert standards under MCARE, because it expressly applies to "physicians," do not establish the standards for expert competence in podiatric malpractice claims." (Appellee's brief at 27 n.12.) However, appellee asserts that any such argument is waived and cannot be considered by this court because appellant never raised it in the trial court or on appeal. (**Id.**) We disagree. As stated above, the issue of whether Section 512 applies to bar Dr. Foster's testimony is purely one of law, and our scope of review is plenary. By its express terms, Section 512 simply does not apply to this case, where the defendant is not a physician. We will not be constrained by issue preservation requirements where the statute itself is wholly irrelevant and inapplicable to the case at bar. Furthermore, for **allocatur** purposes, we would find that Dr. Foster's testimony was admissible under Subsection 512(e), where he testified he has performed similar surgeries over 50 times in his career and continues to maintain an active clinical practice in a related field of medicine, **i.e.**, orthopedics which includes the foot and ankle.

J. A29004/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016