2016 PA Super 76

| ROULETTE PRICE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ALAN CATANZARITI, D.P.M., | |
| Appellee | No. 1886 WDA 2014 |

Appeal from the Judgment Entered October 21, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 110001164

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

CONCURRING DISSENTING OPINION BY BOWES, J.:**FILED MARCH 30, 2016**

I agree with the majority that § 1303.512 ("§ 512") of the Medical Care Availability and Reduction of Error ("MCARE") Act, 40 P.S. 1303.101 *et seq.*, "Expert Qualifications," did not apply herein.  That section addresses the competency of expert medical opinion against a physician, and the defendant is a podiatrist rather than a physician.  Hence, the trial court erred when it excluded Dr. Mark Foster's expert testimony based on § 512.  Although Appellant neither raised that specific argument below nor asserted it on appeal, the majority *sua sponte* reverses on this basis.  I cannot support reversal on that ground for the reasons that follow.

Appellant argues herein, as she argued below, that Mark Foster, PhD, M.D., FACS, was qualified to render expert opinion under Section 512 of the MCARE Act because his orthopedic practice was sufficiently related to permit

him to testify against defendant podiatrist. Dr. Foster performed the same surgical procedure as the defendant podiatrist herein approximately fifty times and was familiar with the standard of care. He maintains an active clinical practice in orthopedics, a related field of medicine that includes treatment of the foot and ankle. However, Appellant did not advance any argument below that Section 512 of the MCARE Act was inapplicable or that the common law rules regarding the qualification of experts governed.[1] Nor has Appellant briefed or developed any argument that, under the common law, Dr. Foster was qualified to render expert testimony. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302. In this case, the argument also was not advanced on appeal.

The majority rejects waiver and asserts that our plenary scope of review permits us to *sua sponte* raise and review purely legal questions. **See** Majority Opinion, at 10 n.6 ("the issue of whether Section 512 applies to bar Dr. Foster's testimony is purely one of law, and our scope of review is plenary."). The majority refuses to be "constrained by issue preservation requirements where the statute itself is wholly irrelevant and inapplicable to the case at bar." **Id**. I respectfully disagree.

_____

[1] Appellee pointed out that since Appellant did not argue the inapplicability of MCARE in the trial court, it has waived any argument that the common law rather than MCARE governed. **See** Appellee's brief at 27, n.12.

Our Supreme Court has admonished this Court on several occasions for reversing a decision on a ground that has not been presented to it. In **Weigand v. Weigand**, 337 A.2d 256 (Pa. 1975), our High Court reversed this Court's determination that several sections of the Divorce Code were unconstitutional because the parties had not questioned their constitutionality. The Court reasoned:

> The Superior Court by *sua sponte* deciding [an] issue exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decisionmaking. *Sua sponte* consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy . . . Furthermore, *sua sponte* determinations raise many of the considerations that led this Court to require without exception that issues presented on appeal be properly preserved for appellate review by timely objection in the trial court. **See Dilliplaine v. Lehigh Valley Trust Co.**, 457 Pa. 255, 322 A.2d 114 (1974).

The **Weigand** Court remanded the matter to this Court for consideration of the issues presented by the parties. **Accord Steiner v. Markel**, 968 A.2d 1253, 1256-1257 (Pa. 2009) (reversing this Court for its reversal of the trial court on a basis that was not raised or preserved); **Knarr v. Erie Ins. Exchange**, 723 A.2d 664 (Pa. 1999) (clear error for Superior Court to *sua sponte* address applicability of the Uniform Arbitration Act of 1980 even if the trial court's disposition under the Uniform Arbitration Act of 1927 was fundamentally wrong).

Thus, although I agree with the majority that § 512 was not applicable in this case against a non-physician defendant, and that the common law rule regarding the competency of experts governed, I believe Appellant waived that claim. It is not the role of an appellate court to act as an advocate for the parties. Thus, the issue was not before us and should not have been addressed. Certainly, reversal is improper on that basis.

Herein, the parties and the trial court operated under the assumption, albeit mistaken, that § 512 of the MCARE statute controlled whether Dr. Foster was qualified to render expert standard of care testimony against the podiatrist defendant. Accepting that premise, and addressing the issue as presented, I agree with Appellant that Dr. Foster was qualified under § 512(b), (c), and (e) to render the proffered expert testimony. The expert possessed an unrestricted physician's license and was actively engaged in clinical practice. **See** § 512(b)(1) and (2). He was board-certified in a similar specialty with a similar standard of care for the surgical procedure at issue and he demonstrated familiarity with that standard of care. **See** § 512(c)(1) and (2). Although Dr. Foster did not practice in the same specialty, he possessed "sufficient training, experience and knowledge" regarding the specific surgical procedure at issue, to testify as an expert herein. **See** § 512(e); **see also Renna v. Schadt**, 64 A.3d 658 (Pa.Super. 2013) (permitting board-certified pathologist and oncologist to testify in case

against surgeon regarding standard of care for performance of a fine needle aspiration in lieu of other available biopsy methods).

For that reason, which was relegated to a footnote by the majority, I concur in the reversal and remand for a new trial.