J. A29004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ROULETTE PRICE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1886 WDA 2014 |
| | : | |
| ALAN CATANZARITI, D.P.M. | : | |

Appeal from the Judgment Entered October 21, 2014,
in the Court of Common Pleas of Allegheny County
Civil Division at No. GD 110001164

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 28, 2016**

This case is on remand from the Pennsylvania Supreme Court after it vacated this court's March 30, 2016 order reversing the trial court's grant of compulsory non-suit and remanding for a new trial.  The facts and procedural history of this matter are set out at length in our prior Opinion. The trial court granted compulsory non-suit for the defendant/appellee, Alan Catanzariti, D.P.M., in this medical malpractice liability action, after finding that appellant, Roulette Price's proposed expert witness, Mark Robert Foster, M.D., a board-certified orthopedic surgeon, did not meet the qualification requirements of Section 512 of the MCARE Act.[1]  In a published opinion, a divided panel of this court reversed on the basis that, by its

---

[1] The Medical Care Availability and Reduction of Error Act ("MCARE"), 40 P.S. § 1303.101 ***et seq***.

express and unambiguous terms, Section 512 of the MCARE Act does not apply to this case, where the defendant is a podiatrist and not a physician. On its face, Section 512 applies only to physician-defendants and appellee, as a podiatrist, is not a physician as that term is defined by statute.[2] In a footnote, we observed that,

> for **allocatur** purposes, we would find that Dr. Foster's testimony was admissible under Subsection 512(e), where he testified he has performed similar surgeries over 50 times in his career and continues to maintain an active clinical practice in a related field of medicine, **i.e.**, orthopedics which includes the foot and ankle.

**Price v. Catanzariti**, 138 A.3d 8, 13 n.6 (Pa.Super. 2016), **reversed**, 177 WAL 2016 (Pa. September 19, 2016) (**per curiam** order).

Our esteemed colleague Judge Bowes filed a concurring and dissenting opinion, agreeing that Section 512 did not apply, but opining that reversal on that basis was inappropriate where appellant had neither raised that specific argument in the court below nor asserted it on appeal. Instead, Judge Bowes would have reversed on the basis that Dr. Foster was qualified under Subsections 512(b), (c), and (e) to render the proffered expert testimony. **Id.** at 14-15 (Bowes, J., concurring and dissenting).[3] On

---

[2] **Wexler v. Hecht**, 847 A.2d 95, 103 (Pa.Super. 2004), **affirmed**, 928 A.2d 973 (Pa. 2007).

[3] Section 512 of the MCARE Act, "Expert qualifications," is recited in this court's prior opinion and will not be repeated here in the interest of brevity. **Id.** at 11-12.

September 19, 2016, our supreme court granted allowance of appeal and vacated this court's order. In its **per curiam** order, our supreme court stated that "issues neither raised nor preserved for appellate review are waived and may not constitute the basis for reversal of a trial court's decision," citing **Wiegand v. Wiegand**, 337 A.2d 256 (Pa. 1975) (reversing this court's determination that several sections of the Divorce Code were unconstitutional because the parties had not questioned their constitutionality). Our supreme court remanded to this court for a determination based upon full consideration of the issues raised and preserved for appeal by appellant.

Assuming that MCARE applies to this case, we find that Dr. Foster, as a board-certified orthopedic surgeon with an active clinical practice, was qualified to render an opinion as to appellee's alleged breach of the standard of care. **Compare Wexler v. Hecht**, 928 A.2d 973, 981-982 (Pa. 2007) (plaintiff's expert, as a podiatrist, was not licensed as a physician to practice medicine by the State Board of Medicine and was, therefore, unqualified under the MCARE Act to provide opinion testimony concerning the applicable standard of care of a physician-defendant). As explained in our prior opinion, this court rejected the trial court's unsupported assertion that Dr. Foster "never performed the podiatric surgery at issue here":

> Appellant's specific surgery involved debridement of the Achilles tendon, a right calcaneal exostectomy, and flexor hallucis longus ("FHL") transfer. (Notes of testimony, 6/2-3/14 at 145). Dr. Foster testified

> that while he cannot recall having done just those three surgeries together as a single procedure, he has performed each of them approximately 50 times. (**Id.** at 145-146, 160-161.)  Dr. Foster also testified that orthopedic surgery includes the subspecialty of the foot and ankle, and as part of the examination for the Board of Orthopedic Surgery, he has studied each of those procedures, **i.e.**, debridement of the Achilles tendon, FHL tendon transfers, and excision of the calcaneous.  (**Id.** at 158-159.)

**Price**, 138 A.3d at 10 n.4.

As Judge Bowes remarked in her concurring/dissenting opinion,

> The expert possessed an unrestricted physician's license and was actively engaged in clinical practice. **See** § 512(b)(1) and (2).  He was board-certified in a similar specialty with a similar standard of care for the surgical procedure at issue and he demonstrated familiarity with that standard of care.  **See** § 512(c)(1) and (2).  Although Dr. Foster did not practice in the same specialty, he possessed "sufficient training, experience and knowledge" regarding the specific surgical procedure at issue, to testify as an expert herein.  **See** § 512(e); **see also Renna v. Schadt**, 64 A.3d 658 (Pa.Super. 2013) (permitting board-certified pathologist and oncologist to testify in case against surgeon regarding standard of care for performance of a fine needle aspiration in lieu of other available biopsy methods).

**Id.** at 14-15 (Bowes, J., concurring and dissenting).  **See also Frey v. Potorski**, ___ A.3d ___, 2016 WL 4492595 (Pa.Super. August 26, 2016) (hematologist was qualified to testify as to interventional cardiologist's standard of care in administering anticoagulation drug prior to the start of a Percutaneous Coronary Intervention (PCI) procedure); **Vicari v. Spiegel**, 989 A.2d 1277 (Pa. 2010) (plaintiff's expert oncologist was competent to

testify against defendant otolaryngologist who surgically removed the decedent's tongue tumor and his radiation oncologist co-defendant even though he was not certified in the same field, where oncology was a related field to otolaryngology and radiation oncology for purposes of Subsection 512(e) and the internist/oncologist had the requisite training, experience and knowledge to testify as to the specific standard of care at issue).

Order reversed. Remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2016